**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ERIC LEWIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAKE WINNEPESAUKAH AMUSEMENTS, INC., LAKE WINNEPESAUKAH, INC., ADRIENNE RHODES, TENNYSON DICKINSON, AND MYERS DICKINSON,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 4:20-cv-108-HLM-WEJ**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LAKE WINNEPESAUKAH AMUSEMENTS, INC.'s MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Lake Winnepesaukah Amusements, Inc. ("LWAI") and pursuant to Fed.R.Civ.P. 56 hereby files the following Memorandum of Law in Support of its Motion for Summary Judgment.

## I. UNDISPUTED FACTS

Plaintiff Eric Lewis was employed by LWAI as Human Resources Manager from January 2, 2019 until his resignation on May 18, 2019. See Statement of Undisputed Material Facts ("SUMF"), ¶1. On May 18, 2019, plaintiff verbally resigned from his employment and then provided a written letter of resignation on May 19, 2019. SUMF, ¶2. On May 19, 2019, Plaintiff was given a Separation Agreement and release of all claims for his review. SUMF, ¶3. At no time did anyone affiliated with Lake Winnepesaukah amusement park force Plaintiff to sign the Separation Agreement or release of all claims against his will. SUMF, ¶4.

The Separation Agreement stated in relevant part:

> We will continue to pay your salary through June 2, 2019, despite that your employment is ending today, so long as you agree to release any and all claims you have or could have against Lake Winnepesaukah and its employees and agents, related to your employment. By signing below, you agree to such release….

SUMF, ¶7.

On May 21, 2019, Plaintiff returned the signed Separation Agreement, including the release of all claims, indicating his agreement to its terms. SUMF, ¶¶ 5-6. As contemplated by the Separation Agreement, Plaintiff was paid his salary through June 2, 2019 as severance pay. SUMF, ¶8. Plaintiff has never refused or returned the severance pay. SUMF, ¶9.

## II. ARGUMENT

### A. Summary Judgment Standard

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may at any time move for summary judgment in the party's favor as to all or any part of that claim. Rule 56(c) provides, in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, the moving party is entitled to judgment as a matter of law where the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). As to issues for which the non-moving party bears the burden, the movant need only establish that, after adequate time for discovery, there is an absence of evidence to support the non-moving party's case. Id. When the moving party supports its motion for summary judgment, the burden shifts to the non-moving party to come forward with significant probative evidence to demonstrate that a triable

issue of fact does exist. Baker v. McDonald's Corp., 45 FEP Cases 1509, 1515 (S.D. Fla. 1987); *affd.,* 865 F.2d 1272 (11th Cir. 1988). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).

### B. **LWAI is entitled to Summary Judgment because Plaintiff Released all Claims against LWAI.**

Plaintiff has released all claims arising out of his employment at Lake Winnepesaukah amusement park, and therefore Defendants are entitled to summary judgment. Plaintiff resigned from his employment on May 18, 2019. SUMF, ¶¶1-2. Plaintiff was given a Separation Agreement which stated, in relevant part:

> We will continue your salary through June 2, 2019, despite that your employment is ending today, so long as **you agree to release any and all claims you have or could have against Lake Winnepesaukah and its employees and agents, related to your employment. By signing below, you agree to such release**, and request that we continue your salary through June 2, 2019.

SUMF, ¶¶3 and 7 (emphasis added). No one affiliated with Lake Winnepesaukah amusement park forced Plaintiff to sign the Separation Agreement against his will. SUMF, ¶4. On May 21, 2019, Plaintiff returned the signed Separation Agreement, indicating his agreement to its terms. SUMF, ¶¶5-6. Defendants paid Plaintiff the consideration referenced in the Separation Agreement, namely, Plaintiff's salary through June 2, 2019, as severance pay. SUMF, ¶8. Plaintiff has never refused or returned the severance pay. SUMF, ¶9.

An employee's waiver or release of Title VII and § 1981 claims is valid and enforceable, provided that the document containing the waiver or release is executed knowingly and voluntarily. Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 & n.15, (1974); Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1352 (11th Cir. 1983). "If an employee voluntarily releases

his employer from liability with a full understanding of the terms of the agreement, he is bound by that agreement." Freeman, 700 F.2d at 1352.

Numerous Courts have held that language similar to the language of the Separation Agreement operates as a release, and therefore bars all of a plaintiff's employment-related claims. See, e.g., Freeman, 700 F.2d at 1352 (agreement in which a plaintiff agreed not to sue the defendant "with respect to any matters which were or might have been alleged as charges filed with the Commission" barred the plaintiff's Title VII and §1981 claims); Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1279 (11th Cir. 2004) (settlement agreement which released all claims against the defendant barred plaintiff's §1981 claim); Sherrod v. Sch. Bd. of Palm Beach Cty., 550 F. App'x 809, 812 (11th Cir. 2013) (settlement agreement which released all claims of employment discrimination against the defendant barred plaintiff's § 1981 claims).

Plaintiff is bound by the terms of the Separation Agreement which released all claims Plaintiff had or could have had regarding his employment at Lake Winnepesaukah amusement park. Defendants are therefore entitled to summary judgment on all of Plaintiff's claims.

## III. CONCLUSION

For these reasons, Defendant Lake Winnepesaukah Amusements, Inc. respectfully requests that the Court grant summary judgment in its favor on all of Plaintiff's claims, dismiss Plaintiff's complaint with prejudice and grant such further relief as the Court deems just and proper under the circumstances.

Dated this 22nd day of July, 2020.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/Ariel M. Anthony*
Ariel M. Anthony (GA Bar # 290132)
736 Georgia Ave., Suite 300
Chattanooga, TN 37402
T: 423.755.2653
F: 423.266.5499
Email: ariel.anthony@huschblackwell.com
*Counsel for Defendant Lake Winnepesaukah Amusements, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 22nd day of July, 2020, a true and correct copy of the foregoing document was electronically filed with the Court using the Court's CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/Ariel M. Anthony*
Ariel M. Anthony (GA Bar # 290132)

*Counsel for Defendants*