**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ERIC LEWIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAKE WINNEPESAUKAH AMUSEMENTS, INC., LAKE WINNEPESAUKAH, INC., ADRIENNE RHODES, TENNYSON DICKINSON, AND MYERS DICKINSON,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 4:20-cv-108-HLM-WEJ**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LAKE WINNEPESAUKAH AMUSEMENTS, INC.'s STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56, Defendant Lake Winnepesaukah Amusements, Inc. ("LWAI") submits the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, which has been filed contemporaneously herewith.

1. Eric Lewis ("Plaintiff") was employed by LWAI as Human Resources Manager from January 2, 2019 until his resignation on May 18, 2019. See Declaration of Tennyson Dickinson at ¶ 4, attached hereto as **Exhibit A**.

2. On May 18, 2019, Plaintiff verbally resigned from employment with LWAI and he submitted a written resignation on May 19, 2019. See Declaration of Adrienne Rhodes at ¶¶4-5, attached as **Exhibit C**, and Resignation Letter, attached as **Exhibit D**.

3. On May 19, 2019, Plaintiff was given a Separation Agreement, which included a release of all claims, for his review. See **Exhibit A,** ¶5, and Separation Agreement, attached as **Exhibit B**.

4. At no time did anyone affiliated with Lake Winnepesaukah amusement park force Mr. Lewis to sign the Separation Agreement against his will. See **Exhibit A**, ¶6.

5. On May 21, 2019, Plaintiff signed the Separation Agreement and release of all claims. See **Exhibit A,** ¶7 and **Exhibit B**.

6. On May 21, 2019, Plaintiff e-mailed the signed Separation Agreement, including the release of all claims, to Tennyson Dickinson at Lake Winnepesaukah. See **Exhibit A**, ¶7 and **Exhibit B**.

7. The Separation Agreement, stated, in relevant part:

> We will continue your salary through June 2, 2019, despite that your employment is ending today, so long as you agree to release any and all claims you have or could have against Lake Winnepesaukah and its employees and agents, related to your employment. By signing below, you agree to such release…

See **Exhibit B**.

8. As per the Separation Agreement, Plaintiff was given severance pay. Specifically, Plaintiff was paid his salary through June 2, 2019 even though his employment ended on May 19, 2019. See **Exhibit A**, ¶8.

9. Plaintiff received his severance pay and has never refused or returned it. See **Exhibit A**, ¶9.

Dated this 22nd day of July, 2020.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/Ariel M. Anthony*
Ariel M. Anthony (GA Bar # 290132)
736 Georgia Ave., Suite 300
Chattanooga, TN 37402
T: 423.755.2653
F: 423.266.5499
Email: ariel.anthony@huschblackwell.com
*Counsel for Defendant Lake Winnepesaukah Amusements, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 22nd day of July, 2020, a true and correct copy of the foregoing document was electronically filed with the Court using the Court's CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

*/s/Ariel M. Anthony*
Ariel M. Anthony (GA Bar # 290132)
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ERIC LEWIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAKE WINNEPESAUKAH AMUSEMENTS, INC., LAKE WINNEPESAUKAH, INC., ADRIENNE RHODES, TENNYSON DICKINSON, AND MYERS DICKINSON,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 4:20-cv-108-HLM-WEJ**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF TENNYSON DICKINSON**

COMES NOW Tennyson Dickinson, who hereby declares as follows:

1. My name is Tennyson Dickinson, and I am over the age of eighteen (18) years and have personal knowledge of the facts and matters set forth herein.

2. I am the Treasurer of Lake Winnepesaukah Amusements, Inc.

3. In my role with Lake Winnepesaukah Amusements, Inc. I was one of Mr. Lewis's supervisors.

4. Eric Lewis was employed by Lake Winnepesaukah Amusements, Inc. as Human Resources Manager from January 9, 2019 until he verbally resigned on May 18, 2019.

5. On May 19, 2019, I gave a Separation Agreement to Mr. Lewis in person. The Separation Agreement contained a release of all claims. A true and accurate copy of the Separation Agreement, and release of all claims, is attached hereto as **Exhibit B**.

6. At no time did I or anyone else affiliated with Lake Winnepesaukah force Mr. Lewis to sign the Separation Agreement against his will.

EXHIBIT
tabbies
A

7. On May 22, 2019, I received the signed Separation Agreement back from Mr. Lewis, indicating his consent to its terms and release of all claims. See **Exhibit B**.

8. In exchange for signing the Separation Agreement, and in accordance with the terms of the Separation Agreement, I caused payment to be issued to Mr. Lewis for severance pay, namely, his salary through June 2, 2019.

9. Mr. Lewis has never returned the severance pay.

10. In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER THIS DECLARANT SAYETH NAUGHT.

Tennyson Dickinson
TENNYSON DICKINSON

Executed on (date): July 8, 2020

Lake Winnie
Lake-Winnepesaukah Amusement Park

Exhibit 2C
pages 1-3

May 19, 2019

Eric Lewis
1450 Prospect Road
Chickamauga, GA 30707

Re: Separation Agreement

Dear Eric:

We write in response to your tender of resignation. While we appreciate your provision of notice, due to the sensitive nature of the position your hold, we have decided to accelerate your departure date to today. We will continue your salary through June 2, 2019, despite that your employment is ending today, so long as you agree to release any and all claims you have or could have against Lake Winnepesaukah and its employees and agents, related to your employment. By signing below, you agree to such release, and request that we continue your salary through June 2, 2019.

By your signature below, you also confirm that you have returned any and all property and/or information belonging to the Company and/or received as a result of your employment.

You have until May 21, 2019, to sign and return this document to us. If we do not receive it by then, will pay you only for time worked through today.

Accepted: Eric Lewis Date: 5-21-19

We wish you success in your future endeavors.

Very truly yours,

Adrienne White Rhodes

Adrienne White Rhodes, President
Lake Winnepesaukah

P#3D

EXHIBIT
B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ERIC LEWIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAKE WINNEPESAUKAH AMUSEMENTS, INC., LAKE WINNEPESAUKAH, INC., ADRIENNE RHODES, TENNYSON DICKINSON, AND MYERS DICKINSON,**<br><br>**Defendants.** | **CIVIL ACTION NO.: 4:20-cv-108-HLM-WEJ**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF ADRIENNE RHODES**

COMES NOW Adrienne Rhodes, who declares as follows:

1. My name is Adrienne Rhodes, and I am over the age of eighteen (18) years and have personal knowledge of the facts and matters set forth herein.

2. I am the President of Lake Winnepesaukah, Inc. and Lake Winnepsaukah Amusements, Inc.

3. Eric Lewis was formerly employed by Lake Winnepesaukah Amusements, Inc. as Human Resources Manager.

4. On May 18, 2019, Mr. Lewis resigned from employment by Lake Winnepesaukah Amusements, Inc. in a verbal statement made to me.

5. On May19, 2019, Mr. Lewis gave me a written letter of resignation from his employment by Lake Winnepesaukah Amusements, Inc. A true and accurate copy of Mr. Lewis's written letter of resignation is attached hereto as **Exhibit D**.

6. In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXHIBIT
tabbies
C



HB: 4817-8817-7855.1

FURTHER THIS DECLARANT SAYETH NAUGHT.

Adrienne Rhodes

ADRIENNE RHODES

Executed on (date): July 8, 2020

Lake Winnie

Lake Winnepesaukah Amusement Park

SOAKya Water Park

Lake Winnepesaukah Amusements, Inc.
c/o Adrienne Rhodes
1730 Lakeview Drive
Rossville, GA 30707

Re: <u>Letter of Resignation and or Review</u>

May 19, 2019

Dear Adrienne:

It is with the sincerest regret, that I must inform you of my decision to vacate the position of Human Resources Manager for Lake Winnepesukah Amusements, Inc. My notice will become effective on June 11th, 2019, at 5:00pm EST. I would like to stay until this time to ensure that the Human Resources Department has identified a suitable replacement and allow adequate time for onboarding and placement.

While, I do feel this resignation is extreme in measure, I would certainly like to work past any issues, that may currently exist. I would be open to discussing with yourself, several areas of concern, that would immensely reverse my decision to resign. It has been an extreme pleasure to work with Lake Winnie and serve. As fore-mentioned, I would be open to discussing this matter further, in hopes of dissolving this letter of resignation.

In the event, further conversation is not desired on the topics above, I sincerely hope you would accept my resignation for the above date. Thank you for all your help and understanding.

Thanks,

5.19.19

Eric Lewis
Human Resources Manager
Lake Winnepesaukah Amusements



EXHIBIT D