**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| ERIC LEWIS,<br><br>*Plaintiff*,<br><br>v.<br><br>LAKE WINNEPESAUKAH AMUSEMENTS, INC., LAKE WINNEPESAUKAH, INC., ADRIENNE RHODES, TENNYSON DICKINSON, and MYERS DICKINSON,<br><br>*Defendants*. | ) | CIVIL ACTION<br>NO. 4:20-CV-108-HLM-WEJ<br><br>**JURY TRIAL DEMANDED** |

**AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2 of the United States District Court for the Northern District of Georgia, Plaintiff Eric Lewis and Defendants Lake Winnepesaukah Amusements, Inc. and Winnepesaukah, Inc. ("Defendants" or "Defendant Employers") submit their Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is an employment action in which plaintiff alleges race-based discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff:

Plaintiff was employed by Defendant as a Human Resources Manager. Plaintiff alleges that upon hire, he immediately realized that similarly situated Caucasian employees were paid more than Plaintiff. Plaintiff alleges that he also immediately began having issues regarding race discrimination and disparate treatment. Plaintiff further alleges that he made complaints of the discrimination but minimal action was taken. Plaintiff alleges that he informed Defendants that he could not work the company any further unless race neutral policies were immediately put in place. Plaintiff was terminated the following day.

Defendant:

Plaintiff was employed by Lake Winnepesaukah Amusements, Inc. Plaintiff voluntarily resigned from his employment on May 18, 2019. On May 21, 2018, Plaintiff agreed to settle all claims regarding his employment. Plaintiff signed a release of all claims and returned it to Lake Winnepesaukah Amusements, Inc. Plaintiff received the payment contemplated in the release of all claims and has never returned any of that money. Defendants deny all of Plaintiff's allegations of racial discrimination and retaliation.

**(c) The legal issues to be tried are as follows:**

Plaintiff:

1. Whether Defendants discriminated against Plaintiff based on his race in violation of Title VII;

2. Whether Defendants discriminated against Plaintiff based on his race in violation of Section 1981;

3. Whether Defendant retaliated against Plaintiff after his complaints of race-based discrimination in violation of Title VII;

4. Whether Defendant retaliated against Plaintiff after his complaints of race-based discrimination in violation of Section 1981; and

5. The amount of Plaintiff's damages.

Defendant:

1. Whether Plaintiff's release of all claims involving his employment bars this action against; and

2. Whether Plaintiff has exhausted his administrative remedies against Lake Winnepesaukah, Inc.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** None.

**(2) Previously Adjudicated Related Cases:** None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

______ **(1) Unusually large number of parties**

______ **(2) Unusually large number of claims or defenses**

__X__ **(3) Factual issues are exceptionally complex**

______ **(4) Greater than normal volume of evidence**

______ **(5) Extended discovery period is needed**

______ **(6) Problems locating or preserving evidence**

______ **(7) Pending parallel investigations or action by government**

__X__ **(8) Multiple use of experts**

______ **(9) Need for discovery outside United States boundaries**

**_____ (10) Existence of highly technical issues and proof**

**_____ (11) Unusually complex discovery of electronically stored information**

**3. Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff: J. Stephen Mixon, Esq.
THE MIXON LAW FIRM
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039

Defendant: Samantha A. Lunn
Ariel M. Anthony
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499

**4. Jurisdiction:**
**Is there any question regarding this court's jurisdiction?**

___Yes _X_ No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority**

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

Individual Defendants Adrienne Rhodes, Tennyson Dickinson, and Myers Dickinson are improperly joined to Plaintiff's Title VII claims.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff intends to file an amended complaint clarifying that no Title VII claims are asserted against individual defendants, and potentially adding additional claims.

Defendants anticipate Plaintiff will amend his complaint to remove all Title VII claims against individual Defendants Adrienne Rhodes, Tennyson Dickinson, and Myers Dickinson.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony:* Daubert motions regarding expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Defendants request a scheduling conference.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties reserve the right to pursue discovery on additional subjects, as necessary, in compliance with the Federal Rules of Civil Procedure.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

As a result of initial discovery related to the signed release, this matter is already beyond the relevant discovery track. The parties anticipate that full merits discovery will take eight (8) months from the date of the filing of this report, in line with discovery track (c).

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Court has entered a Protective Order in this matter.

**(b) Is any party seeking discovery of electronically stored information?**

**_X__Yes ___ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have exchanged potential sources of ESI as part of initial discovery. The parties have not yet reached agreement on accessibility, search terms, or key witnesses. The parties have agreed to a date limitation for ESI of January 1, 2019 and May 31, 2019.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIFF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

*Electronically Stored Information.* The parties agree to exchange Electronically Stored Information ("ESI") documents as follows:

(a) Cooperative Proclamation: The parties agree to work collaboratively and in good faith regarding the production of ESI. The parties agree to preserve originals of documents in place, including ESI.

(b) Identification of Not Reasonably Accessible ESI: To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the

source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens in producing the ESI.

(c) Text Capture/OCR: For each ESI file produced, the parties agree to include an associated OCR text file or layer, or associated metadata file that includes all text for the corresponding file, subject to the normal capabilities of each party's document management and production software, and subject to the need to redact text for privilege purposes.

(d) Parties agree to produce all documents in searchable PDF. Original documents and native files will be retained and can be requested by requesting party. The parties agree to act cooperatively on other electronic discovery issues as they arise.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that the parties conducted a Rule 26(f) conference that was held on July 27, 2020.**

For Plaintiff: Lead counsel (signature): *s/ J. Stephen Mixon*

Other participants:

For Defendant: Lead counsel (signature): *s/Samantha A. Lunn*

Other participants:

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**( X ) A possibility of settlement before discovery.**

**(   ) A possibility of settlement after discovery.**

**( ) A possibility of settlement, but a conference with the judge is needed.**

**( ) No possibility of settlement.**

**(c) Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _______ day ____________________, of 2020.**

**(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 30th day of August, 2021.

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia State Bar No. 514050
steve@mixon-law.com

THE MIXON LAW FIRM
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349
Phone: (770) 955-0100
Facsimile: (678) 999-5039

**COUNSEL FOR PLAINTIFF**

*/s /Samantha A. Lunn*
Samantha A. Lunn
Georgia Bar No. 303099
samantha.lunn@huschblackwell.com

HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Phone: (423) 266-5500
Facsimile: (423) 266-5499

**COUNSEL FOR DEFENDANTS**

* * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified: ______________________________________________________________

______________________________________________________________.

IT IS SO ORDERED, this _____ day of ____________ 2021.

________________________________
UNITED STATES DISTRICT JUDGE